**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4523

JAMES LOUIS WILSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CR-95-493-AW)

Submitted: June 17, 1997

Decided: July 29, 1997

Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher M. Davis, DAVIS & DAVIS, Washington, D.C., for
Appellant. Lynne A. Battaglia, United States Attorney, Sandra Wil-
kinson, Assistant United States Attorney, Stuart A. Berman, Assistant
United States Attorney, Greenbelt, Maryland for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant James Louis Wilson was convicted by a jury of one count each of conspiracy to commit armed robbery of a postal employee (18 U.S.C. § 371 (1994)), armed robbery of a postal employee and aiding and abetting in the same (18 U.S.C. §§ 2, 2114 (1994)), and use of a handgun during a crime of violence (18 U.S.C. § 924(c) (1994)). On appeal, he challenges the district court's rulings admitting the redacted portions of a tape recorded conversation between himself and an informant and limiting his cross-examination of a postal inspector. Finding no reversible error, we affirm.

Wilson and two accomplices, "Pee Wee" McDonald and "Jo-Jo" Hunter, robbed a post office in Lanham, Maryland, in October 1994. Another accomplice, who was an employee at the post office, pro-vided inside information to assist the robbers. Eventually, police con-fronted McDonald, who confessed to the robbery. McDonald then implicated the other members of the conspiracy.

While in jail awaiting trial, Wilson made several incriminating statements concerning the robbery to another inmate, whom he had known for many years ("Copeland"). Unbeknownst to Wilson, Cope-land was cooperating with the authorities as an informant. With the assistance of law enforcement personnel, Copeland succeeded in tape recording a conversation with Wilson. During the conversation, Wil-son admitted to committing the post office robbery and bragged about committing other armed robberies, robbing since the age of fourteen, and being addicted to robbing. Over Wilson's objection, a greatly redacted tape and transcript of the conversation were admitted into evidence. On appeal, Wilson does not challenge the portions of the tape in which he admits to robbing the post office; he only challenges the portions which refer to an August 1994 robbery in Washington, D.C., "busting a cop," being a robber, being addicted to robbery, and being the leader of a gang of robbers composed of family members.

We review the district court's decision to admit Fed. R. Evid. 404(b) evidence for abuse of discretion, and we will not reverse that decision unless it was "arbitrary and irrational" United States v. Chin,

2

83 F.3d 83, 87 (4th Cir. 1996), and we find no such abuse here. The district court properly applied the test set forth in United States v. Rawle, 845 F.2d 1244 (4th Cir. 1988), and found that the challenged portions were relevant to issues other than character, were necessary and reliable, and that their probative value outweighed the danger of unfair prejudice. Applying the same test, we find that the challenged portions of the tape established Wilson's identity [1] and a common scheme through his previous "working relationships" with McDonald and Hunter. We further find that the entire redacted portion of the conversation assisted the jury by placing Wilson's comments in the proper context by showing that he was bragging about his exploits to a friend, rather than being coerced or entrapped into making a confession.[2] In addition, we find that the statements made in the tape were highly reliable because they were made by Wilson himself, rather than by a third party.

While cross-examining the lead postal inspector in Wilson's case, defense counsel asked how many post offices were robbed in the county during the year preceding the offense in question. The Government objected to this question, and the district court sustained the objection. We reject Wilson's assertion on appeal that he was denied his Sixth Amendment right to confront the witness when defense counsel was not allowed to ask the above question.

Restrictions on the scope of cross-examination are within the sound discretion of the trial judge, and trial courts are generally given wide latitude to set reasonable limits to prevent harassment, prejudice, or confusion of the issues, United States v. Ambers , 85 F.3d 173, 175-76 (4th Cir. 1996), and we find that the district court did not abuse that discretion here. We reject Wilson's claim on appeal that his confes-

_____

[1] During the conversation, Wilson responded to certain nicknames, corroborating McDonald's testimony that Wilson was known by those nicknames.

[2] The challenged portions of the tape also placed in context Wilson's comments concerning his belief that McDonald removed his mask during the robbery, thereby leading to their capture. In reality, McDonald never removed his mask. It was Wilson's own comments (calling McDonald "Pee Wee" during the robbery) that helped police identify McDonald as one of the robbers.

3

sion may have been for a different post office robbery as speculative and unsupported by the record.

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4